UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL E. BOYD,

Plaintiff,

v.

CALIFORNIA PUBLIC UTILITIES COMMISSION, et al.,

Defendants.

Case No. 25-cv-01286-PCP

**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. Nos. 73, 76, 78

Self-represented plaintiff Michael Boyd brings antitrust and regulatory claims against various utility companies, the California Public Utilities Commission (CPUC), and current and past CPUC officials and staff. The Court dismissed Boyd's first amended complaint for failure to state a claim and lack of statutory jurisdiction. *See Boyd v. Cal. Pub. Util. Comm'n*, 819 F. Supp. 3d 1013 (N.D. Cal. 2026). Defendants now move to dismiss Boyd's second amended complaint, Dkt. No. 70, for the same reasons, *see* Dkt. Nos. 73, 76, 78. For the reasons set forth below, the Court grants defendants' motions.

## BACKGROUND

Boyd owns and uses solar panels on the roof of his home.[1] He wants to contribute energy produced by his solar panels to wholesale energy markets. Boyd alleges that he would be able to do so and earn financial compensation from defendant Pacific Gas & Electric Company (PG&E) if defendants had not denied him access to the wholesale market.

Boyd was a party to the proceedings regarding CPUCS's Rulemaking 20-08-020. The

[1] The Court assumes the truth of the allegations in the complaint for the purposes of defendants' Rule 12(b)(6) motion. The Court's previous order provides further background on this case. *See Boyd*, 819 F. Supp. 3d at 1018–19.

United States District Court
Northern District of California

United States District Court
Northern District of California

rulemaking focused on possible changes to the state's Net Energy Metering (NEM) program. California's "three largest investor-owned utilities," PG&E, Southern California Edison Company (SCE), and San Diego Gas & Electric Company (SG&E) (collectively, the utility defendants), participated in the rulemaking through joint filings and joint representation by defendant Carla Peterman. Peterman is a former CPUC Commissioner, former officer of SCE, and current officer of PG&E. Rulemaking participants, including the utility defendants and Boyd, submitted proposals for changes to the NEM program. The utility defendants' proposal was premised on shifting costs to relieve financial burdens on lower-income customers.

The rulemaking resulted in the CPUC issuing Decision 22-12-056 on December 19, 2022. Colloquially, the decision created NEM 3.0. The decision cites cost shifting as a rationale. Boyd alleges that NEM 3.0 hurts existing customers with solar panels by diminishing their return on investment through lower compensation rates for the excess energy their panels produce.

Like his first amended complaint, Boyd's second amended complaint alleges violations of (1) the Sherman Act, 15 U.S.C. § 1, (2) the Cartwright Act, Cal. Bus. & Prof. Code §§ 16700 *et seq.*, and (3) the Public Utility Regulatory Policies Act (PURPA). The utility defendants, Peterman, and the CPUC defendants—the CPUC and current and former CPUC officials Matthew Baker, Karen Douglas, Martha Guzman-Aceves, Darcie Houck, Kelly Hymes, Wayne Parker, Clifford Rechtschaffen, John Reynolds, and Genevieve Shiroma, who are sued in their individual and official capacities—each move to dismiss Boyd's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). The CPUC defendants also move to dismiss Boyd's PURPA claim under Federal Rule of Civil Procedure 12(b)(1).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint does not, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Where a plaintiff proceeds pro se, the Court "must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Materials outside the complaint can be considered on a Rule 12(b)(6) motion if they are incorporated by reference therein or otherwise judicially noticeable. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court may consider documents which are "not physically attached to the complaint" if their "'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Federal Rule of Evidence 201 permits judicial notice of "a fact that is not subject to reasonable dispute" because it is "generally known."

## ANALYSIS

Boyd's second amended complaint adds a limited number of new factual allegations but still does not state a viable claim to relief.[2]

[2] The parties request that the Court take judicial notice of several judicial filings and filings before the Federal Energy Regulatory Commission. *See* Dkt. Nos. 77, 79, 85. The documents are publicly available filings and their accuracy cannot reasonably be questioned, so the Court grants the motions for judicial notice. *See* Fed. R. Evid. 201. Notice is limited to the documents' existence

United States District Court
Northern District of California

**I. Sherman Act**

**A. The utility defendants and Peterman are immune under *Noerr-Pennington*.**

The utility defendants and Peterman argue that they are immune under the *Noerr-Pennington* doctrine because Boyd concedes his antitrust allegations are based entirely on the CPUC's decision and the rulemaking.

The *Noerr-Pennington* doctrine "allows private citizens to exercise their First Amendment rights to petition the government without fear of antitrust liability." *Kaiser Found. Health Plan, Inc. v. Abbott Lab'ys, Inc.*, 552 F.3d 1033, 1044 (9th Cir. 2009). Under *Noerr-Pennington*, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Courts must "construe federal statutes so as to avoid burdening conduct that implicates the protections afforded by the Petition Clause unless the statute clearly provides otherwise." *Id.* A plaintiff's complaint must "contain specific allegations demonstrating that the *Noerr-Pennington* protections do not apply." *Boone v. Redevelopment Agency of City of S.J.*, 841 F.2d 886 (9th Cir. 1988); *Or. Nat. Res. Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991) (applying a heightened pleading standard to establish an exception to *Noerr-Pennington*).

"Neither the Petition Clause nor the *Noerr-Pennington* doctrine," however, "protects sham petitions, and statutes need not be construed to permit them." *Sosa*, 437 F.3d at 932. This "'sham' exception to *Noerr* encompasses situations in which persons use the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon." *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 380 (1991). The sham exception "is limited to situations where the defendant is not seeking official action by a governmental body, so that the activities complained of are 'nothing more' than an attempt to interfere with the business relationships of a competitor." *Franchise Realty Interstate Corp. v. S.F. Loc. Joint Exec. Bd. of Culinary Workers*, 542 F.2d 1076, 1081 (9th Cir. 1976).

The Ninth Circuit applies a "a strict two-step analysis to assess whether a single action

---

and contents.

constitutes sham petitioning." *USS-POSCO Indus. v. Contra Costa Cnty. Bldg. & Const. Trades Council, AFL-CIO*, 31 F.3d 800, 810–11 (9th Cir. 1994). "First, the suit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits; second, the baseless lawsuit must conceal an attempt to interfere directly with the business relationships of a competitor." *Id.* at 810 (quoting *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.* ("*PREI*"), 508 U.S. 49, 60 (1993)). "The two parts of the test operate in succession: Only if the suit is found to be objectively baseless does the court proceed to examine the litigant's subjective intent." *Id.*

Boyd does not dispute that the utility defendants' and Peterman's participation in the rulemaking was on its face protected petitioning activity under *Noerr-Pennington.* Instead, relying on several new allegations in the second amended complaint, Boyd renews his argument that the rulemaking was a sham proceeding.

As with the first amended complaint, Boyd's argument fails to overcome *Noerr-Pennington* immunity for at least two reasons.

First, Boyd's complaint does not plausibly establish that the utility defendants' position at the rulemaking was objectively baseless. Boyd's only new contention on this front is that the utility defendants advanced arguments at the rulemaking proceedings that they knew were false or inflated. *See* Dkt. No. 80, Opp. to MTDs, at 3. But, as the Court has previously explained, advocacy that is "successful in obtaining the governmental action sought" cannot be deemed objectively baseless. *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1063 (9th Cir. 1998) (quoting *Franchise Realty*, 542 F.2d at 1079). The CPUC ultimately adopted the utility defendants' proposal to shift costs away from lower-income customers. Although the sham petition exception might apply if the utility defendants had "misrepresented" relevant facts to the CPUC such that "the entire [CPUC] proceeding was deprived of its legitimacy," *id.*, Boyd's second amended complaint fails to plausibly allege such circumstances. The complaint contains only conclusory assertions that the utility defendants knew their projections to be false, which do not satisfy the pleading standard or show that a lone false projection deprived the rulemaking of its legitimacy. *See id.* at 1063–64; *cf. Omni Res. Dev. Corp. v. Conoco, Inc.*, 739 F.2d 1412, 1414 (9th Cir. 1984).

Second, even if Boyd's second amended complaint plausibly established that the utility defendants' rulemaking position was objectively baseless, Boyd fails to plausibly allege that they sought to use the *process* of the rulemaking to harm him or competitors' interests. While Boyd's second amended complaint states that the defendants weaponized the rulemaking process itself, that allegation is entirely conclusory. Boyd points to the defendants' knowing use of false projections, *ex parte* meetings with CPUC commissioners, and joint testimony through Peterman on their behalf, Dkt. No. 80, Opp. to MTDs, at 4, but he fails to identify any manner in which their use of these purportedly "improper means" caused him anticompetitive harm other than by resulting in the CPUC's adverse decision. *Omni Outdoor Advert.*, 499 U.S. at 380 (quotations and emphasis omitted). And although the second amended complaint elaborates on Boyd's contention that the utility defendants formed a conspiracy, there is no "conspiracy exception" to *Noerr-Pennington* immunity. *Id.* at 383.

Boyd's second amended complaint again fails to establish that the sham petition exception applies. Accordingly, the utility defendants and Peterman are immune from Boyd's Sherman Act claim under *Noerr-Pennington*, and his Sherman Act claim against those defendants is dismissed on that basis.

**B. The CPUC officials are immune under *Parker*.**

The CPUC officials argue that they are immune from Boyd's Sherman Act claim under the *Parker* state action doctrine. In *Parker v. Brown*, the Supreme Court "held that the Sherman Act did not apply to anticompetitive restraints imposed by the States 'as an act of government.'" *Id.* at 370 (discussing *Parker v. Brown*, 317 U.S. 341, 352 (1943)). "*Parker* covers not only state legislation, but also the acts of ... executive-branch officials" and executive agencies operating pursuant to constitutional and statutory authority. *Sanders v. Brown*, 504 F.3d 903, 915 (9th Cir. 2007) (citing *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 876 (9th Cir. 1987) and *Deak-Perera Haw., Inc. v. Dep't of Transp.*, 745 F.2d 1281, 1283 (9th Cir. 1984)). For the reasons stated in the Court's previous order, the CPUC and its officials acted "pursuant to their constitutional or statutory authority" in conducting the rulemaking and thus are entitled to *Parker* immunity. *See Boyd*, 819 F. Supp. 3d at 1023–25.

Boyd's raises no new material allegations on this front, and his only new argument is that *Parker* immunity does not apply "under *Allied Tube* and *FTC v. Ticor*." Dkt. No. 80, Opp. to MTDs, at 7; *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492 (1988); *FTC v. Ticor Title Ins. Co.*, 504 U.S. 621 (1992). However, both cases concerned antitrust suits against private actors rather than a state agency. *Allied Tube*, 486 U.S. at 495; *Ticor*, 504 U.S. at 637–38. Accordingly, Boyd's second amended complaint again cannot overcome *Parker* immunity. The CPUC officials are immune from Boyd's Sherman Act claim, and his Sherman Act claim against those defendants is dismissed on that basis.

**II. Cartwright Act**

The Cartwright Act provides that "every trust," including any "combination of capital, skill or acts by two or more persons ... [t]o create or carry out restrictions in trade or commerce," "is unlawful, against public policy and void." Cal. Bus. & Prof. Code §§ 16720, 16726. The Court previously concluded that Boyd failed to state a Cartwright Act claim because the utility defendants and Peterman are immune from Boyd's Cartwright Act claim under *Noerr-Pennington* and the CPUC defendants are not subject to the Cartwright Act. *Boyd*, 819 F. Supp. 3d at 1025. Given that Boyd's second amended complaint fails to plausibly establish the sham petition exception to *Noerr-Pennington*, as discussed above, the utility defendants and Peterman are again immune from Boyd's Cartwright Act claim. *See Blank v. Kirwan*, 39 Cal. 3d 311, 325 (1985). And Boyd raises no new argument or material facts showing how the CPUC defendants could be liable under the Cartwright Act. Accordingly, Boyd's Cartwright Act claims are again dismissed.

**III. PURPA**

Boyd alleges a claim against the CPUC defendants under section 210(g) of PURPA. *See* 16 U.S.C. § 824a-3. The Court previously concluded that it lacked jurisdiction over Boyd's PURPA claim because Boyd raises an as-applied PURPA claim and as-applied PURPA claims are "reserved for adjudication by the state courts." *Sols. for Util., Inc. v. Cal. Pub. Util. Comm'n*, No. 11-cv-04975, 2022 WL 1741128, at *6 (C.D. Cal. Mar. 9, 2022); *see also* 16 U.S.C. § 824a-3(g). The CPUC defendants again argue that the Court lacks jurisdiction over Boyd's PURPA claim.

Boyd's second amended complaint adds no new material allegations as to his PURPA



United States District Court
Northern District of California

United States District Court
Northern District of California

claim. And Boyd's opposition to the defendants' motions to dismiss the second amended complaint similarly raises no new argument. Instead, Boyd reiterates that he brings a "pure as-applied PURPA claim," Dkt. No. 80, Opp. to MTDs, at 8, even though the Court lacks statutory jurisdiction over that claim, *Californians for Renewable Energy v. Cal. Pub. Util. Comm'n*, 922 F.3d 929, 939 n.4 (9th Cir. 2019); *Power Res. Grp., Inc. v. Pub. Util. Comm'n of Tex.*, 422 F.3d 231, 239 (5th Cir. 2005). Accordingly, the Court again dismisses Boyd's as-applied PURPA claim for lack of statutory jurisdiction.

**IV. Leave to Amend**

The parties disagree regarding whether the Court's dismissal of Boyd's claims should be with or without leave to amend. The Court may deny leave to amend if it finds "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, Boyd amended his complaint without material change even though the Court's previous order told him to do so "only if he [could] address the deficiencies identified" in the Court's previous order. *Boyd*, 819 F. Supp. 3d at 1026. Moreover, further amendment would be futile. In his opposition, Boyd proffers the facts he would include in a third amended complaint, such as greater detail concerning the *ex parte* communications between the utility defendants and the CPUC, the alleged conspiracy, and the allegedly false projections the utility defendants provided to the CPUC, as well as "[c]larifying allegations" about why *Parker* immunity does not apply. Dkt. No. 80, Opp. to MTDs, at 9. But, for the reasons explained above, *ex parte* communications and a conspiracy do not defeat *Noerr-Pennington* or *Parker* immunity. *Omni Outdoor Advert.*, 499 U.S. at 380, 383. Nor does a lone false projection. *See Omni Res. Dev. Corp.*, 739 F.2d at 1414. And the Court has already concluded that *Parker* immunity extends to the CPUC's rulemaking. *Boyd*, 819 F. Supp. 3d at 1023–25. Accordingly, a third amended complaint would not cure the deficiencies identified in this order.

Boyd has already had an opportunity to amend his complaint but could not address the deficiencies the Court previously identified, and he has not explained how those deficiencies could

be remedied in a third amended complaint. For each of these independent reasons, the Court grants the defendants' motions to dismiss without further leave to amend.

**CONCLUSION**

For the foregoing reasons, Boyd's Sherman Act and Cartwright Act claims are dismissed without leave to amend and with prejudice. Boyd's as-applied PURPA claim is dismissed without leave to amend and without prejudice.

**IT IS SO ORDERED.**

Dated: October 21, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California